*495 OPINION OF TEE COURT — by
Chief Justice TURNER.
The error assigned, in this case, is to the judgment of Yazoo circuit court, on a motion by the defendant in error, for a judgment for money alleged to have been paid by him, as security for the plaintiff in error. — ■ That proceeding was founded .on the statute, revised code, pvge 142, sea. 160, of the circuit court law, which provides that, “in all cases, where judgment hath been, or may hereafter be entered up in anyjof said courts, against any person or persons, as security, or securities &c., upon any note, bill, bond, or writing obligatory, &c.; such court is authorized, on motion, to give judgment for the money so paid.
The statute has provided a summary mode of recovery, in behalf of ' sureties who are compelled to pay money for their principals. There is no jury trial given to the defendant, in this mode of proceeding, and not even notice to the defendant. Hence, the court called on to exercise this power, should be exceedingly. guarded in rendering judgment. The facts necessary to show that the plaintiff in the motion is a mere surety, should appear on the record, and proceedings of the court, in which the motion is made.
The judgment against such surety must likewise appear. The evidence of payment of the money, by the surety, must be such as to leave no doubt of the fact. I am almost inclined to think that nothing less than the receipt and return of an officer of court, showing the payment to have been made by the surety, should be received, inasmuch as the right of trial by jury is a constitutional right. But, as the present case does not require a decision of that point, I will not decide it.
The record, in the case before us, does not show the fact that the defendant in error was surety of the other party. He appears to have been sued as a principal, as the joint maker of the notes sued on.
The judgment mnst, therefore, be reversed at the costs of the defendant . in error.